IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILEY ZACHARY CARROLL                                                                                       PLAINTIFF

VS.                                                                                        CIVIL ACTION NO. 4:10CV129-LRA

BART GRIMES, ET AL                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion to Dismiss filed by Defendants Bart Grimes, Warden Reagan, Lt. Thrift, and Major Brett Mize [47] on April 22, 2013. Plaintiff Wiley Zachary Carroll was released from prison sometime in June 2012. This Court ordered him to file a written report on or before April 5, 2013, advising the Court as to whether he wished to proceed in this litigation and, if so, to provide his witness list by that date. He was warned that his failure to comply with the Order would result in the dismissal of his case without further notice. The Order [46] was sent to the last address given to the Court, 161 CR 809, Ripley, Mississippi 38663, and it was not returned as undeliverable. Plaintiff has not filed a response to the Court's directives, and the Court must assume that Plaintiff received the Order and does not wish to proceed with this lawsuit.

Defendants point out in their motion that Carroll was warned when he filed this lawsuit that any changes of address must be provided to the Court [3]. They also note that another Complaint filed by Carroll in this Court was dismissed due to his failure to prosecute that case after being released from prison. *See Carroll v. Major Brett Mize, et al,* 4:11cv69-CWR-FKB.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to fully defend the claims made against them.

Many of Carroll's claims against these Defendants may be moot after his release from MDOC custody.  It is understandable that he may not wish to go forward with his claims since he is no longer incarcerated.  Further, his failure to respond to the Court's last Order confirms that he has lost interest in proceeding in the prosecution of his claims; otherwise, he would have contacted the Court after his release.  Defendants' Motion to Dismiss [47] shall be granted and his Carroll's case shall be dismissed.

For these reasons,

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss is **granted**, and the Complaint filed by Plaintiff Carroll is dismissed pursuant to FED. R. CIV. P. 41(b).

SO ORDERED, this the 6th day of May 2013.

        ___s/ Linda R. Anderson_____
        UNITED STATES MAGISTRATE JUDGE